# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10120

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

ALISHIA N. MORRIS,

Plaintiff-Appellant

v.

TEXAS BOYS RANCH, State Placement Agency; CHILDREN'S HOME OF
LUBBOCK, State Placement Agency; CHILDREN'S HOPE RESIDENTIAL
CENTER, State Placement Agency; TEXAS DEPARTMENT OF FAMILY
PROTECTIVE SERVICES; SHAWN VANDERGRIFT; SOUTH PLAINS
FOSTER CARE EMERGENCY SHELTER,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-4

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Alishia N. Morris, while detained in the Lubbock County Detention
Center, inmate # 111041, moved this court for leave to proceed in forma
pauperis (IFP) in this appeal from the district court's dismissal of her 42 U.S.C.
§ 1983 complaint.   The district court dismissed her claims against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

defendants with prejudice as frivolous and for failure to state a claim.  The district court, for the same reasons, denied Morris permission to appeal IFP, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Morris is challenging the district court's certification that this appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In her IFP motion, Morris argues that her parental rights were terminated; she tried to protect her children from illegal adoption; the State of Texas committed "fraud, excusable neglect, misrepresentation, and a void judgment"; and the district court violated her freedom of speech and the Fourteenth Amendment.  Morris, however, fails to provide a reasoned factual or legal analysis to any of these claims.  Because Morris fails to adequately brief any issues, they are abandoned.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  Morris has failed to show that her "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220.  Accordingly, her motion for leave to proceed IFP on appeal is denied, and her appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Morris's complaint by the district court as frivolous and for failure to state a claim, and the dismissal of this appeal as frivolous each count as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  In addition, Morris has had multiple civil rights complaints dismissed as frivolous.  *See, e.g., Morris v. City of Lubbock*, No. 5:17-cv-00275 (N.D. Tex. Apr. 16, 2018); *Morris v. City of Lubbock Home*

No. 18-10120

*Inspectors*, No. 5:18-cv-00008 (N.D. Tex. Apr. 24, 2018).  Accordingly, as we also advised Morris in *Morris v. Lubbock County Detention Center*, No. 17-11259, and *Morris v. L.C.D.C.*, No. 18-10089, she is now barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; § 1915(g) BAR IMPOSED.